UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD MONET KNIGHT, *et al.*,<br><br>Defendant. | Case No. 3:19-cr-00038-MMD-CLB<br>Related Case: 3:24-cv-00360-MMD<br><br>ORDER |

**I.   SUMMARY**

Following trial, the jury found Defendant Edward Monet Knight guilty of all four counts charged in the Indictment. (ECF No. 166.) Before the Court is Knight's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (ECF No. 230 ("Motion").) The government responded (ECF No. 232) as the Court directed (ECF No. 231). The Court granted Knight's request for an extension of time to file a reply (ECF No. 235), but instead of filing a reply, Knight filed a motion to supplement his Motion (ECF No. 236 ("Motion to Supplement")).[1] Because Knight's claims are meritless—and for other reasons discussed herein—the Court denies the Motion and the Motion to Supplement.

**II.   BACKGROUND**

On August 1, 2019, a grand jury indicted Defendant Edward Monet Knight on two counts of interference with commerce by robbery ("Hobbs Act robbery") in violation of 18 U.S.C. § 1951, and two counts of use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), for two armed robberies of local businesses. (ECF No. 14.) The Indictment charged Knight in count one with robbery of

---

[1] The government filed an opposition. (ECF No. 238.) The Court granted Knight an extension to file a reply and Knight filed a combined reply and motion for appointment of counsel (ECF No. 241). The Court finds appointment of counsel is not warranted considering the Court's findings on the merits. Accordingly, the Court denies the motion for appointment of counsel. (ECF No. 241.)

PJ's Discount Liquor in Sparks, Nevada on or about July 7, 2019. (ECF No. 14 at 1.) Count three involved the robbery of Rainbow Market, also in Sparks, Nevada, on or about July 8, 2019. (*Id.* at 2.) Counts two and four in turn charged Knight with use of a firearm during and in relation to the crime of violence charged in counts one and three, respectively. (*Id.* at 2-3.)

On March 15, 2021, after trial of approximately six days, the jury found Knight guilty of all four counts. (ECF No. 166.) The Court sentenced Knight to 169 months, including an 84 month sentence on count two and 84 months on count four, to be served consecutively to each other and to the other counts. (ECF No. 187.)

Knight, through counsel, appealed his conviction and sentence. (ECF No. 190.) The Ninth Circuit Court of Appeals affirmed in a published opinion and in a memorandum of disposition, addressing different issues raised on appeal. (ECF No. 216, 217.) Knight subsequently filed his Motion pro se.

### III.   DISCUSSION

A federal prisoner may seek relief under 28 U.S.C. § 2255 if: 1) "the sentence was imposed in violation of the Constitution or laws of the United States;" 2) "the court was without jurisdiction to impose such sentence;"[2] 3) "the sentence was in excess of the maximum authorized by law;" 4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Knight appears to make a collateral attack on his conviction, including asserting a claim for ineffective assistance of counsel.[3] (ECF No. 230.) Knight

---

[2] In his reply in support of the Motion to Supplement, Knight includes a general statement that "[l]ack of jurisdiction . . . may be asserted at any time." (ECF No. 241 at 1.) But Knight does directly assert that the Court lacks jurisdiction or elaborate on why he believes the Court lacks jurisdiction. There is no question the Court has jurisdiction over the counts in the Indictment involving charges of interference of commerce by robbery of two businesses engaging in interstate commerce and related charges of brandishing a firearm.

[3] Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that: (1) counsel's performance was unreasonably deficient; and (2) that the deficient performance prejudiced the defense. *See Williams v. Taylor,* 529 U.S. 362, 390-91 (2000) (*citing Strickland,* 466 U.S. at 687).

asserts four grounds in his Motion: (1) the government violated his due process rights by knowingly obtaining false testimony from a witness, Christine Smith; (2) the government failed to offer sufficient evidence, particularly as it relates to Knight's identity, to establish guilt beyond a reasonable doubt; (3) he is actually innocent of all counts; (4) the government offered "unduly suggestive evidence" of his "identity" in referencing a "Black male with dreadlocks was the alleged perpetrator"; and (5) "ineffective assistance of counsel on direct appeal for filing an argument that the district court should have instructed the jury if the firearm was real or not." (ECF No. 230 at 5-9, 15.) The government responded that Knight is procedurally barred from raising four of these arguments and these arguments moreover fail on the merits. (ECF No. 232.) The Court agrees with the government.

The government argues that Knight is barred from relitigating the claim raised in grounds two and five because he raised them on his direct appeal and the court of appeals rejected his claims. (*Id.* at 10-11.) As to the claim raised in ground five that appellate counsel did not effectively argue error in the jury instruction, the court of appeals found that trial counsel did not argue the jury had to be instructed that the firearm "had to be real" and even if the failure to so instruct the jury was erroneous, that element of the offense was undisputed so any error was harmless. (ECF No. 217 at 6.) As to the sufficiency of the evidence argument raised in ground two, the court of appeals found "ample evidence" to support Knight's conviction. (*Id.* at 7.) Knight is procedurally barred from raising the same arguments under Section 2255 that were addressed in his direct appeal. *See United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000) ("When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition.") (citing *United States v. Redd*, 759 F.2d 699, 700-01 (9th Cir. 1985)).

Even if the Court considers the arguments raised in grounds two and five on the merits, the Court finds they do not warrant relief. As to ground two, the Court rejected Knight's counsel's argument that there was insufficient evidence of guilt after the

3

government's case-in-chief. (ECF No. 208 at 18-35 (arguing insufficient evidence as to all counts; the Court rejected these arguments).) As to ground five, there was no dispute during trial that the firearm used in connection with the two robberies were real. (*Id.* at 32 (referencing testimony that the firearm used in each of the two robberies was real in denying Knight's Rule 29 motion).)

The government argues Knight is barred from raising the arguments in grounds one and four because he failed to offer cause as to why he did not raise them on direct appeal[4], and these two grounds fail on the merits. (ECF No. 232 at 12-14.) Even assuming these claims are not subject to procedural default, they fail on the merits. During trial, the Court rejected Knight's argument that the government violated his due process rights (which Knight now asserts in ground one), finding Knight "has failed to show that the testimony provided by Ms. Smith was actually false, or that the government knew or should have known that the testimony was actually false." (ECF No. 207 at 221.) As to ground four, in denying Knight's Rule 29 motion, the Court recounted circumstantial evidence to establish Knight was the individual involved in both robberies, including from the surveillance videos of the two businesses and a condo across from one of the businesses, a law enforcement officer's testimony that he followed the suspect vehicle until it crashed—which ultimately led to Knight's arrest—and the items found in the vehicle belonging to Knight. (ECF No. 208 at 33-34.) There was no evidence the government relied on "unduly suggestive evidence" of identity to convict Knight.

As to ground three—Knight's conclusory claim of his actual innocence—the Court effectively rejected this claim when it addressed Knight's Rule 29 argument. Given the evidence presented at trial, Knight's claim of actual innocence is meritless. (*See id.* at 31-35.)

///

---

[4] The procedural default rule precludes a petitioner from raising a claim on collateral review if that claim was not raised on direct appeal unless the petitioner can show "cause and prejudice" or actual innocence in response to the default." *United States v. Ratigan,* 351 F.3d 957, 962 (9th Cir. 2003).

4

Knight's Motion to Supplement adds additional claims based on ineffective assistance of counsel, asserting the following primary arguments: (1) counsel allowed convictions of consecutive Section 924(c) counts for Knights "simultaneously committing two predicate offenses"; (2) counsel failed to suppress warrantless search of a vehicle where Knight's property was located; and (3) counsel violated Knight's due process rights by allowing government to offer Detective Wilson's inadmissible statement before the grand jury. (ECF No. 236.) However, even disregarding Knight's failure to offer any reason why he did not raise these grounds in his Motion, the additional grounds fail on the merits. The Court agrees with the government's response to each of these additional grounds: (1) Knight was convicted for robbing two separate businesses so there were separate predicate offense supporting counts 2 and 4 (ECF No. 166 (jury verdict)); (2) a warrant was not needed to search the vehicle where Knight's property was found because the registered owner of the vehicle, Ms. Smith, provided written consent for the search (ECF No. 236 at 22 (consent attached to Motion to Supplement)); and (3) trial counsel's performance was not deficient because they did move to dismiss the Indictment in part based on Detective Wilson's testimony, some of which the Court later excluded, before the grand jury (ECF No. 107), but the Court denied the motion (ECF No. 118). (ECF No. 238.)

In sum, the Court finds Knight' claims as raised in the Motion and in the Motion to Supplement are meritless. Accordingly, the Court denies relief under Section 2255.

**IV.    CERTIFICATE OF APPEALABILITY**

Before Knight can appeal the Court's decision to deny his Motion, he must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22; 9th Cir. R. 22-1; *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). To receive such a certificate, a petitioner must make "'a substantial showing of the denial of a constitutional right' as to each issue the petitioner seeks to appeal." *Washington*, 653 F.3d at 1059 (*quoting* 28 U.S.C. § 2253(c)(2), (3)). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

1 debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court determines that reasonable jurists would not find its reasoning debatable or wrong. Thus, the Court will deny a certificate of appealability.

## V.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Edward Monet Knight's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 230) is denied.

It is further ordered Knight's motion to supplement (ECF No. 236) is denied.

It is further ordered that Knight's motion for appointment of counsel (ECF No. 241) is denied.

It is further ordered that a certificate of appealability is denied.

The Clerk of Court is directed to enter a separate judgment on the docket reflecting the fact that the Court denies Knight's Motion.

DATED THIS 14th Day of May 2025.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE